## Adam Guthorle, Appellee, v. Chicago Railways Company and Chicago City Railway Company, Appellants.

### Gen. No. 23,794.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. JOHN J. SULLIVAN, Judge, presiding. Heard in this court at the October term, 1917. Reversed and remanded. Opinion filed June 10, 1918. Rehearing denied June 24, 1918.

### Statement of the Case.

Action by Adam Guthorle, plaintiff, against Chicago Railways Company, Chicago City Railway Company

———

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

and Chicago Surface Lines, defendants, to recover for personal injuries sustained while attempting to board a street car. The suit was dismissed as to defendant Chicago Surface Lines. From a judgment for plaintiff for $5,000, defendants appeal.

BUSBY, WEBER & MILLER, WEYMOUTH KIRKLAND and ARTHUR J. DONOVAN, for appellants; JOHN R. GUILLIAMS, of counsel.

GEORGE PFIRSHING, for appellee.

MR. JUSTICE DEVER delivered the opinion of the court.

## Abstract of the Decision.

1. CARRIERS, § 486*—*when instruction in action by passenger for personal injuries received while boarding street car is erroneous.* In an action against a street railroad company to recover damages for personal injuries sustained while plaintiff was attempting to board one of defendants' cars, owing to the sudden starting thereof, an instruction that if plaintiff got on the car or was in the act of boarding the same while it was standing still, it became the duty of defendants to do all that human care, vigilance and foresight could reasonably do to prevent an accident to plaintiff while he was riding on said car or going upon the same while it was standing still, and if defendants failed to use such care and diligence and thereby injury befell plaintiff he could not recover, was erroneous as inapplicable to the pleadings where the declaration charged a negligent injury while plaintiff was in the act of getting on the rear end of the car.

2. NEGLIGENCE, § 221*—*when instruction is erroneous.* To instruct the jury, in a negligence action, with reference to a failure to perform a duty, a breach of which is not charged in the declaration, is error.

3. CARRIERS, § 486*—*when instruction in action for personal injuries received by passenger attempting to board street car is erroneous.* In an action to recover for personal injuries sustained as the result of the sudden starting of defendants' street car while

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

plaintiff was attempting to board it, an instruction that if plaintiff boarded the car safely and he was caused to fall because of the manner in which the car was operated around the curve, and not because of the manner in which it was started, or operated, while he was boarding it, then the verdict must be not guilty, was erroneous as inapplicable to the pleadings where the declaration charged a negligent injury while plaintiff was in the act of getting on the rear end of the car.

4. CARRIERS, § 456*—*what constitutes material variance in action by street car passenger for personal injuries.* Where a declaration, in an action against a street railroad for personal injuries sustained by a passenger, charges an injury while plaintiff was attempting to get on the rear end of one of defendants' street cars, there can be no recovery under proof of an injury due to negligence of defendants causing a fall from the car after it had started and plaintiff was safely thereon.

5. INSTRUCTIONS, § 7*—*necessity of accuracy in.* In a negligence action where the evidence is very close, the jury should be accurately instructed.

6. DAMAGES, § 200*—*when instruction on in negligence action is erroneous.* In a negligence action, an instruction that in estimating damages the jury were to consider all the facts and circumstances as shown by the evidence as to the nature and extent of plaintiff's physical injuries, his suffering in body, if any, resulting from such physical injuries and also such future suffering and loss of health, if any, he may have sustained or would sustain by reason of such injuries, his loss of time and inability to work, if any, resulting from such injuries, was erroneous because not confining the damages to such injuries as were caused by the accident.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.